**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30259
Summary Calendar

JEANETTE MARIE BOOKER,

Plaintiff-Appellant,

VERSUS

UNITED STATES POSTAL SERVICE; KENNETH C. PERRY; MARVIN R. RUNYON,
SR., Postmaster General of the U.S. Postal Service,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
(95-CV-1684-B)

November 19, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jeanette Marie Booker ("Booker") brought
suit pursuant to Title VII of the Civil Rights Act of 1964 alleging
racial and sexual discrimination by her employer, the United States
Postal Service and by her immediate supervisor, Kenneth C. Perry.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendants moved for summary judgment, contending that Booker's suit was time barred.  Booker sought to rely on the doctrine of equitable estoppel or tolling, claiming that she was a pro se litigant, that she missed the deadline for filing an appeal with the EEOC because she mistakenly sent her paperwork to the wrong address, and that the defendants were not prejudiced by her mistake.  The district court found that Booker was represented by counsel, that her failure to properly file a timely appeal was the result of attorney negligence and did not justify the application of the doctrine of equitable tolling.   The district court entered summary judgment for defendants, based on Booker's failure to meet various filing deadlines.  Booker filed a motion for new trial, pointing out that although her initial claim was time barred, she had filed a subsequent claim from which she had timely appealed by filing suit challenging the Final Agency Decision.  This second complaint alleged some of the same issues raised in the initial complaint, with the addition of retaliation and religious discrimination claims.  The district court summarily denied the motion for new trial and this appeal followed.

We review the grant of summary judgment *de novo*.  *Cefalu v. EBR Parish School Board*, 103 F.3d 393, 395 (5th Cir. 1997).

Equitable tolling does not apply where the individual does not follow advice to preserve his legal rights.  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1981).  The letters from the Postal Service and the EEOC told Booker what she must do to

preserve her claim. She failed to follow those instructions. Booker alleges no misconduct on the part of the Postal Service in this regard. Therefore, the district court's grant of summary judgment for defendants as to the original EEOC claim must be affirmed.

Booker urges us to reverse the summary judgment because she filed this action in the district court within ninety days of the final agency decision on her second administrative complaint. There is no indication in Booker's Complaint or Amended Complaint in the district court that she sought to challenge the agency's second order. Therefore, the summary judgment dismissing the case as time barred does not speak to the second final agency decision, as it was not before the court.

For the foregoing reasons, we affirm the summary judgment for defendants.

AFFIRMED.